**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

**July 29, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

_____

SHANTELL ROBINSON,

    Plaintiff - Appellant,

v.

OGLALA SIOUX TRIBE; OGLALA
SIOUX TRIBE LEGAL DEPARTMENT;
WAKPAMNI LAKE COMMUNITY
CORPORATION; WILLIAM T. SHAW;
RAYCEN RAINES; DANIEL ABADIR;
SUSAN ABADIR; JOHN READ,

    Defendants - Appellees.

No. 25-6143
(D.C. No. 5:25-CV-00289-D)
(W.D. Okla.)

_____

### ORDER AND JUDGMENT[*]
_____

Before **TYMKOVICH**, **McHUGH**, and **FEDERICO**, Circuit Judges.
_____

Shantell Robinson, proceeding pro se, asks us to reverse the district court's

dismissal of her case as a sanction under Federal Rule of Civil Procedure 11. We

have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I.   BACKGROUND & PROCEDURAL HISTORY

In March 2025, Ms. Robinson filed suit against defendants Oglala Sioux Tribe (Tribe), Oglala Sioux Tribe Legal Department (Legal Department), Wakpamni Lake Community Corporation (WLCC), William T. Shaw[1], Raycen Raines, Daniel Abadir, Susan Abadir, and John Read (together, Defendants).  The district court sua sponte dismissed Ms. Robinson's initial complaint for failure to comply with Federal Rules of Civil Procedure 8 and 9, after which she filed an amended complaint with two accompanying supplements.  Ms. Robinson's amended complaint alleged Defendants acted both together and separately to (1) steal her intellectual property (a financial software system); (2) incorporate the stolen intellectual property into their own financial systems; and (3) distribute those financial systems to orchestrate financial fraud.  She raised claims of wire fraud, copyright infringement, RICO violations, and other federal claims described as "[f]inancial fraud, conspiracy, and unjust enrichment."  R., vol. IV at 7.  Ms. Robinson sought $75,000,000 in compensatory damages, along with punitive damages.

The Tribe and the Legal Department moved to dismiss Ms. Robinson's claims against them based on tribal sovereign immunity, and the district court granted the motion.  Defendants WLCC and Raycen Raines also jointly moved to dismiss based on tribal sovereign immunity, lack of personal jurisdiction, and failure to state a claim, but the district court never ruled on that motion.  Instead, in response to

---

[1] Mr. Shaw filed a notice of nonparticipation in this appeal.

2

Ms. Robinson's copious filings, the district court issued an order warning her that if she continued with her "numerous, constant filings filled with personal attacks and little basis in the law," it would order her to show cause why her conduct did not violate Rule 11(b).  Aplee. Supp. App. vol. II at 143.

Eventually, Ms. Robinson filed an "Emergency Motion for Protective Order, Sanctions, and Court Intervention Following Multiple Physical Proximity Breaches, Digital Manipulation, and Retaliatory Surveillance Behavior," R., vol. V at 160-64 (capitalization omitted), to which she attached exhibits purporting to reflect electronic communications between attorneys for the Defendants and alleged location information showing Mr. Raines had been following or stalking her, *id.* at 165-68.  In her emergency motion, Ms. Robinson claimed the Defendants and their attorneys conspired to have Mr. Raines follow her near her home in Oklahoma and she requested a protective order and injunction.

Following through on its previous warning, the district court ordered Ms. Robinson to show cause why her emergency motion did not violate Rule 11(b). WLCC and Mr. Raines filed a joint response denying the allegations, outlining Ms. Robinson's misconduct, and requesting dismissal of Ms. Robinson's claims as a sanction, and defendant John Read separately filed a similar response.  Mr. and Ms. Abadir (the Abadirs) did not file responses to the emergency motion. Ms. Robinson filed a reply reasserting her allegations, after which WLCC and Mr. Raines filed a motion seeking a protective order and injunctive relief, and again requesting dismissal of Ms. Robinson's complaint with prejudice as a sanction under

Rule 11. Ms. Robinson thereafter sought default judgment against the Abadirs, which the Abadirs opposed.

The district court granted WLCC and Mr. Raines's motion, dismissed Ms. Robinson's complaint with prejudice, and entered judgment in favor of all Defendants and against Ms. Robinson. In granting the motion to dismiss as a sanction, the court denied all other requested relief as moot.[2] This appeal followed.

## II.    ANALYSIS

On appeal, Ms. Robinson argues the district court erred by (1) dismissing her claims with prejudice without granting her a hearing or considering a lesser sanction; (2) ruling that several of her motions or filings, including two "jurisdictional filings" were moot, Aplt. Opening Br. at 1; (3) failing to liberally construe her pro se pleadings as required; (4) improperly adopting Defendants' language and arguments wholesale instead of making independent findings as related to her misconduct; and (5) failing to resolve her default judgment, conflict of interest, and jurisdictional motions, which deprived her of due process.

### A. The District Court did not abuse its discretion by dismissing Ms. Robinson's claims as a Rule 11 sanction

For starters, we note Ms. Robinson's opening brief focuses heavily on the district court's alleged procedural errors, rather than its application of Rule 11. But liberally interpreting her pleadings as we must, *see Garrett v. Selby Connor Maddux*

---

[2] Ms. Robinson filed several additional motions, responses, and pleadings throughout the litigation. The district court dismissed them all as moot in its order dismissing Ms. Robinson's complaint with prejudice.

*& Janer*, 425 F.3d 836, 840 (10th Cir. 2005), we construe her arguments that the district court (1) should have imposed a lesser sanction than dismissal with prejudice, and (2) erroneously found that she fabricated evidence and caselaw as challenging the district court's Rule 11 dismissal. Ms. Robinson supplements this challenge in her reply brief by claiming the court failed to apply the dismissal factors from *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992).[3] *See* Aplt. Reply Br. at 19-21.

"When, after notice and an opportunity to respond, a court determines that an attorney has violated Rule 11(b), it may impose sanctions under Rule 11(c)." *King v. Fleming*, 899 F.3d 1140, 1148 (10th Cir. 2018). Courts must limit sanctions to only those necessary to deter future misconduct. *Id.*; *see also* Fed. R. Civ. P. 11(c)(4). "We review sanctions, including the sanction of dismissal, for abuse of discretion." *Stenson v. Edmonds*, 86 F.4th 870, 875 (10th Cir. 2023). "Under this standard, we will reverse a district court only if it based its ruling on an erroneous view of the law

---

[3] Ms. Robinson raised several additional arguments only in her reply brief, including that the district court misapplied immunity doctrines; she acted in good faith and proposed a mutual resolution with defendants; she could not properly respond to the district court's show-cause order because she was locked out of her email account; none of the Defendants responded to the issues she raised in her opening brief; the district court ignored Defendants' evidentiary misconduct and her denial of her own misconduct; and the district court misapplied and improperly dismissed her claims under Rule 12(b)(6). Setting aside that many of these arguments are inapplicable—for example, Rule 12(b)(6) is irrelevant here, where the district court dismissed Ms. Robinson's claims under Rule 11—we will not consider them because she failed to raise them in her opening brief. *See Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007) ("[T]he omission of an issue in an opening brief generally forfeits appellate consideration of that issue.").

or on a clearly erroneous assessment of the evidence." *King*, 899 F.3d at 1147

(internal quotation marks omitted).

Courts apply the five factors laid out in *Ehrenhaus* to analyze whether

dismissal is an appropriate sanction. *See King*, 899 F.3d at 1150 (noting the five-

factor test is appropriate for resolving Rule 11 violations, as well as "a variety of

analogous violations" including Rules 16(f), 37(b), and 41(b), and the court's

inherent authority).

> Those factors are: (1) the degree of actual prejudice to the defendant
> caused by the misconduct; (2) the amount of interference with the
> judicial process; (3) the culpability of the litigant; (4) whether the court
> warned the litigant in advance that dismissal of the action would be a
> likely sanction for noncompliance; and (5) the efficacy of lesser
> sanctions.

*Id.* (brackets and internal quotation marks omitted).  Dismissal is only appropriate

where there is clear and convincing evidence of "willfulness, bad faith, or some

fault." *Xyngular v. Schenkel*, 890 F.3d 868, 873 (10th Cir. 2018) (internal quotation

marks omitted).

### 1.  The district court did not abuse its discretion in finding Ms. Robinson violated Rule 11.

The district court did not abuse its discretion in finding Ms. Robinson violated

Rule 11.  Ms. Robinson denies she engaged in sanctionable conduct.  Specifically,

she argues the district court erred by "adopt[ing] defense assertions" in finding she

submitted frivolous, burdensome filings and relied on AI-fabricated caselaw and

content.  Aplt. Opening Br. at 2-3.  Even if the district court used language similar to

the Defendants', this does not show the court's findings were not independent or that

6

the court otherwise abused its discretion.  It's true the district court repeated some of the misconduct outlined by defendants WLCC and Mr. Raines, but this was reasonable because the defendants bore the burden of presenting such evidence to justify their request for Rule 11 sanctions.  *See Xyngular*, 890 F.3d at 872.

The district court's order detailed the clear and convincing evidence it relied on to determine that Ms. Robinson's conduct was sanctionable.  The court noted that despite her claims that her emergency motion was "grounded in fact," Ms. Robinson submitted "no evidence to support the veracity of the purported intercepted statements" about Mr. Raines following her, and admitted she submitted a photo that was "not authentic" as an exhibit to one of her filings.  R., vol. V at 361 (internal quotation marks omitted).

The court further noted that at least four of Ms. Robinson's filings contained non-existent and misrepresented legal authority, and cited caselaw establishing that failure "to confirm the validity of any cited legal authority" may violate Rule 11.  *Id.* at 362-63 (quoting *Sanders v. United States*, 176 Fed. Cl. 163, 169 (2025)).  Next, the court found Ms. Robinson's excessive and frivolous filings also amounted to sanctionable conduct.  *Id.* at 363-64.  Perhaps most importantly, the court found several of Ms. Robinson's emails containing threats of physical harm towards Defendants comprised sanctionable conduct.  *Id.* at 359-60.

Ms. Robinson argues on appeal—as she did in district court—that this conduct was not sanctionable because the fabricated photo and intercepted statements were merely intended to be "explanatory tools," which she says she pointed out from the

7

start. Aplt. Reply Br. at 8, 14. But the district court found she never offered such an explanation. And on appeal, she cites nothing in the record to support her claim that she distinguished "private strategic simulations" from "actual filings." *Id.* at 8. Ms. Robinson also claims on appeal that "[a]ll case citations are verifiable," and that she never submitted any fake or AI-hallucinated cases. Aplt. Opening Br. at 2. But this is not true.[4] In fact, Ms. Robinson relied on a hallucinated case in her opening brief on appeal. *See id.* at 2 (citing a non-existent case called "*Reynolds v. Smith*, 62 F.3d 1421 (10th Cir. 1995)"). Further, Ms. Robinson wholly fails to address on appeal the court's findings about her excessive filings and threats of physical harm.

Based on the evidence in the record, the district court acted within its discretion in finding clear and convincing evidence established that Ms. Robinson violated Rule 11.

### 2. The district court did not abuse its discretion in dismissing Ms. Robinson's case as a sanction.

Ms. Robinson next argues that the district court should have imposed a lesser sanction because she is pro se and because "[d]ismissal with prejudice requires explicit findings of futility, none of which exist here." Aplt. Opening Br. at 2. But for support, Ms. Robinson cites only Federal Rules of Civil Procedure 8 and 9(b) and

---

[4] For example, in Ms. Robinson's opposition to WLCC's and Mr. Raines's motion to dismiss, she cited "*Navajo Nation Oil & Gas Co. v. Window Rock Unified Sch. Dist.*, 638 F. App'x 698 (10th Cir. 2016)." Aplee. Supp. App. vol. III at 256. But the case found at 638 F. App'x 698 is *Sayed v. Broman*. On the same page, Ms. Robinson quotes *Lewis v. Clarke*, 581 U.S. 155 (2017), as stating, "tribal immunity does not extend to individuals acting outside their official capacity," but that quote does not exist in the case. *Id.*

one AI-fabricated case, *see id.* (citing "*Reynolds v. Smith*, 62 F.3d 1421 (10th Cir. 1995)," which a Westlaw search links to 22 Eighth Circuit Table decisions). Rules 8 and 9(b) say nothing about pro se filers, and "this court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants." *Garrett*, 425 F.3d at 840 (brackets and internal quotation marks omitted). Further, dismissal with prejudice as a sanction under Rule 11 is analyzed under the five *Ehrenhaus* factors, as Ms. Robinson acknowledges in her reply, and none of those factors require futility.

Ms. Robinson argues in her reply brief that the district court did not analyze lesser sanctions or apply the "mandatory" *Ehrenhaus* factors.[5] Aplt. Reply Br. at 6, 19-21. This argument ignores the district court's thorough, factually supported analysis of each of the five *Ehrenhaus* factors. *See* R., vol. V at 364-65 (degree of prejudice to defendants), 365-66 (interference with judicial process), 366-67 (plaintiff's culpability), 367 (prior warnings to plaintiff), 367-69 (efficacy of lesser

---

[5] Ms. Robinson also argues she had no meaningful chance to respond to the allegations and request for sanctions as required under Rule 11(c)(1). But this is also wrong: the district court ordered Ms. Robinson to show cause as to why her motion resting on AI-fabricated evidence did not violate Rule 11. *See* Aplee. Supp. App. vol. IV at 25-26. And the court had previously warned Ms. Robinson that if it ordered her to show cause why her filings did not violate Rule 11 and she failed to do so, it "would act well within its discretion in imposing sanctions, including dismissal of this case with prejudice." *Id.* vol. II at 143. Ms. Robinson also had the chance to file a reply to defendants WLCC and Raines's original request for sanctions, included in their response to her emergency motion; *see* R., vol. V at 238-40, and Aplee. Supp. App. vol. IV at 27-31; as well as a response and surreply to the defendants' motion for a protective order, injunctive relief, and dismissal with prejudice; *see* R., vol. V at 306-08, and Aplee. Supp. App. vol. IV at 32-37.

sanctions). The court concluded that each of these factors supported dismissal, and we agree. So, Ms. Robinson may be correct that "[a] sanction dismissal cannot stand where controlling law was not applied," but that did not happen here. Aplt. Reply Br. at 21.

The district court did not abuse its discretion by dismissing Ms. Robinson's claims with prejudice as a sanction for her litigation misconduct.

## B. Ms. Robinson's Remaining Issues on Appeal are Moot

In her opening brief, Ms. Robinson takes issue with the district court's denial of motions she filed regarding purported conflicts of interest, jurisdictional issues as to WLCC, and default judgments. The district court found those motions moot due to its dismissal of her claims with prejudice. She claims this failure "deprived [her] of a merits ruling and left unrefuted record evidence standing unrebutted" which amounted to "a clear abuse of discretion warranting remand." Aplt. Opening Br. at 3. But her motions would only be relevant if the district court had dismissed her claims on the merits or even on procedural grounds, which it did not do. Instead, the district court declined to address the merits of Ms. Robinson's motions and dismissed her claims as a Rule 11 sanction. There was no reason for the district court to address Ms. Robinson's other pending motions, and it did not err by declining to do so. Because we find the district court did not abuse its discretion in dismissing Ms. Robinson's claims, we also agree that her other pending motions are moot.

### C. Tribal Sovereign Immunity

As a final matter, we address the issue of tribal sovereign immunity for the Tribe and its Legal Department. Ms. Robinson's notice of appeal purports to appeal "[t]he Court's dismissal of all defendants" and "all related procedural and substantive rulings embedded within the final judgement." R., vol. V at 372. Thus, there is an argument that Ms. Robinson's appeal encompassed the court's jurisdictional ruling dismissing the Tribe and its Legal Department based on immunity. But we find Ms. Robinson waived this argument by failing to assert or develop it in her opening brief. *See Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007) ("[W]e routinely have declined to consider arguments that are not raised, or are inadequately presented, in an appellant's opening brief.").

### III.    CONCLUSION

We affirm the district court's dismissal of the case. We grant Ms. Robinson's motion to proceed in forma pauperis.

Entered for the Court

Per Curiam